IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT COOK,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA CORPORATION,<br><br>    Defendant. | Civil Action No. 3:20-cv-139 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Robert Cook, makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.  The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2) because Defendant Life Insurance Company of North America has its headquarters here.

## PARTIES

4. Plaintiff, Robert Cook, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Hamilton County, Tennessee.

5. Defendant Cigna Corporation (hereinafter "Cigna"), is a company that provides insurance products and services through several operating subsidiaries and is domiciled and authorized to transact the business of insurance in this State, and may be served with process under the laws of this State by use of a third-party process server to personally serve any of the individuals listed under Connecticut General Statute §52-57(c).

6. Upon information and belief, Defendant Life Insurance Company of North America ("LINA") is one of the subsidiaries through which Defendant Cigna provides insurance products and services and, as a subsidiary of Cigna, is authorized to transact the business of insurance in this State, and may be served with process under the laws of this State by use of a third-party process server to personally serve any of the individuals listed under Connecticut General Statute §52-57(c).

7. Defendant LINA is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. VDT-961786, issued by LINA to Crown Automotive Management, Inc.

## FACTS

8. Plaintiff was employed by Crown Automotive Management, Inc., in its Chattanooga, Tennessee location.

9. By virtue of his employment, Plaintiff was enrolled in Crown Automotive Management, Inc.'s Long Term Disability Plan, which is an ERISA employee welfare benefit plan (the "Plan").

10. Benefits under the Plan are insured by LINA under Group Long Term Disability Policy No. VDT-961786, issued by LINA and Cigna to Crown Automotive Management, Inc (hereafter, defendants Cigna and LINA will be collectively referred to as "LINA").

11. Plaintiff is a participant or beneficiary of the Plan.

12. Plaintiff ceased work due to a disability related to his medical conditions, including coronary artery disease, episodes of syncope, cervical and lumbar disc disease, and neuropathy, on August 12, 2016, while covered under the Plan.

13. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

14. Plaintiff filed an application for LTD benefits under the Plan.

15. LINA initially approved Plaintiff's application and paid benefits until February 9, 2019.

16. By letter dated February 7, 2019, LINA terminated Plaintiff's LTD claim effective February 9, 2019.

17. Plaintiff appealed the termination of his benefits by letter dated August 6, 2019.

18. As part of his appeal, Plaintiff submitted an opinion form by his cardiologist Dr. Harish Manyam dated March 19, 2019, which indicated that Mr. Cook suffers from episodes of syncope and estimated that he would miss at least three days of work per month due to his conditions.

19. In a letter dated August 15, 2019, Plaintiff submitted additional records by facsimile and certified mail from Dr. Joseph Miller which indicated that he had a syncopal episode during his appointment on July 25, 2019. (Letter and fax confirmation attached as <u>Exhibit A</u>).

20. LINA had 45 days from its receipt of that letter to render its decision, or September 29, 2019, pursuant to 29 C.F.R. § 2560.503-1(i)3)(i).

21. On September 30, 2019, Plaintiff's counsel sent a letter informing LINA that its 45 day deadline had passed and that if he did not receive a decision or request for an extension within seven days, he would be forced to file suit. (Attached as <u>Exhibit B</u>).

22. By letter dated October 14, 2019 (postmarked October 17, 2019), LINA denied that appeal.

23. LINA failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1 by issuing its decision at least 15 days past the due date of September 29, 2019.

24. The Policy does not contain an adequate grant of discretion, thus Plaintiff is entitled to *de novo* review

25. Under *Halo v. Yale Health Plan*, 819 F.3d 42 (2d Cir. 2016), Plaintiff is entitled to *de novo* review of LINA's denial of his claim due to its failure to strictly comply with the Department of Labor's regulations governing the processing of an employee's claim.

26. Plaintiff has exhausted his administrative remedies under the Plan.

27. LINA would pay any benefits due out of its own funds.

28. LINA owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

29. LINA was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

30. LINA allowed its concern over its own funds to influence its decision-making.

31. LINA breached its fiduciary duties to Plaintiff, including the duty of loyalty.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

32. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

33. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

34. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

35. The decisions to deny benefits were wrong under the terms of the Plan.

36. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

37. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

38. The decisions to deny benefits were not supported by substantial evidence in the record.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 31st day of January, 2020.

       Respectfully submitted,

       ERIC BUCHANAN & ASSOCIATES, PLLC
       ATTORNEYS FOR PLAINTIFF

       BY:    */s Hudson T. Ellis*
                Hudson T. Ellis (CT 16708)
                414 McCallie Avenue
                Chattanooga, TN 37402
                (423) 634-2506
                FAX:  (423) 634-2505
                ellish@buchanandisability.com